JS-6
LINK: 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3532 GAF (DTBx) | Date | June 15, 2010 |
|---|---|---|---|
| Title | Claremont 1st Street Investors v. Alfonso Espinoza et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      (In Chambers)


ORDER REMANDING CASE

I.
INTRODUCTION

Plaintiff Claremont 1st Street Investors ("Claremont") obtained title to certain real property on April 5, 2010, and subsequently served written notice on defendant Alfonso Espinoza ("Espinoza"), demanding that he quit the premises within three (3) days. (Not., Docket No. 1 [Complaint for Unlawful Detainer ¶¶ 8-11].) Espinoza failed to deliver possession of the property within the three-day period, and Claremont filed the present suit. (Id. [¶ 13].)

On May 11, 2010, Espinoza removed the action to this Court pursuant to 28 U.S.C. § 1441. The same day, he filed a related action in this Court, No. CV 10-3526 GAF DTBx, alleging that Claremont, among others, violated the federal Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Protecting Tenants at Foreclosure Act ("PTFA").

In his removal notice, Espinoza acknowledges that "removal, on the grounds of federal question, is ordinarily based on the face of plaintiff's complaint." (Not. ¶ 5.) However, he claims that an exception to the general rule exists in this case because the TILA, RESPA, and PTFA provisions raised in his related complaint completely pre-empt Claremont's state law claim. (Id.)

JS-6
LINK: 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3532 GAF (DTBx) | Date | June 15, 2010 |
|---|---|---|---|
| Title | Claremont 1st Street Investors v. Alfonso Espinoza et al | | |

The Court concludes that Claremont's suit does not arise under federal law and hereby **REMANDS** the case for lack of subject matter jurisdiction.

**II.
DISCUSSION**

**A. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here, the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citations omitted).

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties or laws of the United States. 28 U.S.C. § 1441; see also 28 U.S.C. § 1331. "Under the well-pleaded complaint rule, a suit 'arises under' federal law 'only where the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S.Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing to Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Instead, a case may "arise under" under federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief under state law necessarily depends on resolution of a substantial question of federal law." Franchise Tax, 463 U.S. at 2.

**JS-6**
**LINK: 5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3532 GAF (DTBx) | Date | June 15, 2010 |
|---|---|---|---|
| Title | Claremont 1st Street Investors v. Alfonso Espinoza et al | | |

**B. APPLICATION**

In the removal notice, Espinoza recognizes that removal "is ordinarily based on the face of the plaintiff's complaint"—which in this case, contains no federal question—but argues that an exception to the general rule exists "when the preemptive force of a [federal] statute is so strong that it 'completely preempt[s]' an area of state law." (Not. ¶ 5 (citing Valles, 410 F.3d at 1075).) Espinoza claims that removal of Claremont's unlawful detainer action is proper since "the rights of the parties in the subject real estate loan transaction are preempted by [TILA, RESPA, and the PTAF]...." (Id. ¶ 4.)

Espinoza's reliance on Valles is misplaced. In Valles, the Ninth Circuit addressed a dispute between a labor union and employer regarding a collective bargaining agreement and highlighted that "[t]he complete preemption exception to the well-pleaded complaint rule is applied primarily under § 301 of the LMRA." 410 F.3d at 1075. According to the Valles court, "[o]ne reason for expanding complete preemption beyond the textual confines of § 301 is to promote uniformity in the interpretation of collective bargaining agreements and to generate and preserve a body of consistent federal law." Id. "Another is to promote the federal policy favoring arbitration and to prevent litigants from using state law litigation to side-step or alter the negotiated provisions of a collective bargaining agreement...." Id. Because this unlawful detainer case has nothing to do with the LMRA, Valles offers no support for Defendant's removal of this lawsuit.

In reality, Espinoza presents no authority for his position. Espinoza's removal notice fails to cite a single case applying the preemption doctrine to allegations regarding TILA, RESPA, or the PTAF. In fact, district courts in California have specifically noted that RESPA and TILA do not preempt state law and remanded similar unlawful detainer actions. Homesales, Inc. v. Frierson, 2009 WL 365663, at *2 n.8 (C.D. Cal. Feb. 11, 2009) (Morrow, J.) ("An unlawful detainer action is a true state law claim, and neither RESPA nor TILA completely preempts state law claims."); U.S. Nat'l Ass'n v. Almanza, 2009 WL 161082, at *2 n.1 (E.D. Cal. Jan. 22, 2009) ("neither RESPA nor TILA 'completely preempt' state law for purposes of removal jurisdiction.").

The reasoning in these cases finds support in the words of the applicable statutes. 12 U.S.C. § 2616 states that "[RESPA] does not annul, alter, or affect, or exempt any person subject to the provisions of this chapter from complying with, the laws of any State with respect to the settlement practices, except to the extent that those laws are inconsistent with any provision of this chapter, and then only to the extent of the inconsistency." Similarly, 15 U.S.C. § 1610(b)

JS-6
LINK: 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3532 GAF (DTBx) | Date | June 15, 2010 |
|---|---|---|---|
| Title | Claremont 1st Street Investors v. Alfonso Espinoza et al | | |

states that "[TILA] does not otherwise annul, alter, or affect in any manner the meaning, scope or applicability of the laws of any State...." See also McCrae v. Commercial Credit Corp., 892 F. Supp. 1385, 1386-87 (M.D. Ala. 1995) ("This 'complete pre-emption' doctrine, however, does not apply to the TILA. The TILA does not contain a civil enforcement provision that requires complete preemption of law, nor is there any other manifestation that Congress intended preemption."). In short, the language of the statutes on which Espinoza relies thoroughly discredits his preemption claim.

Furthermore, Espinoza's reliance on the PTAF also fails. At least one California district court has held that "a private right of action is not found [in] the PTAF." See, e.g., Nativi v. Deutsche Bank Nat'l Trust Co., 2010 WL 2179885, at *4 (N.D. Cal May 26, 2010). Even if Espinoza were able to raise a defense under the PTAF, such defense would not preempt Claremont's unlawful detainer action, and thereby support this Court's original jurisdiction. See Mottley, 211 U.S. at 152.

### III.
### CONCLUSION

Although the preemptive force of certain federal statutes can provide a basis for removal of certain state law claims, the complete preemption exception does not apply to TILA, RESPA, or PTAF claims associated with unlawful detainer actions. Accordingly, the Court lacks subject matter jurisdiction over this case.

For the foregoing reasons, the Court **REMANDS** the present action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**